UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* KELLY FORD, Relator, v. VILLAGE OF SAINT EDWARD, *et al.*, Respondents. | Case No. 1:24-cv-00724 Judge J. Philip Calabrese Magistrate Judge Johnathan D. Greenberg |

**OPINION AND ORDER**

Kelly Ford brings a *qui tam* action against Northeast Ohio Hospice and three entities doing business in Ohio as Village of Saint Edward. Northeast Ohio Hospice moves to be dropped as a party under Rule 21, and Village of Saint Edward moves to dismiss. For the following reasons, the Court **GRANTS** the Rule 21 motion and **DENIES** the motion to dismiss.

STATEMENT OF FACTS

At this stage of the proceedings, the complaint alleges the following facts, which the Court accepts as true and construes in the light most favorable to Plaintiff, as it must in the present procedural posture.

Relator Kelly Ford is a registered nurse. (ECF No. 1, ¶ 10, PageID #3.) In November 2023, Ms. Ford began working for Respondent Village of Saint Edward, "an entity with three locations" in Ohio that "provides a variety of health care

services" and "receives funds from CMS," the Centers for Medicare & Medicaid Services. (*Id.*, ¶¶ 8 & 14, PageID #3.)

During her employment, Ms. Ford allegedly observed numerous instances of inaccurate or falsified recordkeeping. According to the complaint, in March 2024, she noticed that the scales used for weighing patients were inaccurate, producing inaccurately low weights. (*Id.*, ¶ 18, PageID #4.) These allegedly false measurements allowed Village of Saint Edward to create false medical records, keep patients eligible for hospice care, and continue receiving Medicare funds without justification. (*Id.*) Ms. Ford questioned the weight data, but the Village of Saint Edward did not correct any medical records or decertify any wrongfully certified patients. (*Id.*, ¶ 19, PageID #4.) Instead, after Ms. Ford complained about the inaccurate scales, her supervisors took negative employment action against her, including reprimands, complaints, and disciplinary actions. (*Id.*, ¶ 20, PageID #4.)

Ms. Ford alleges that Village of Saint Edward "falsely recertified one patient at least 29 times" to avoid discharge and continue receiving CMS funds "without medical justification." (*Id.*, ¶ 17, PageID #3.) Additionally, she claims that she saw and photographed "multiple containers full of prescription eyeglasses that were either misplaced, lost by, or stolen from residents"; Ms. Ford believes that Village of Saint Edward unnecessarily ordered new eyeglasses to obtain more money from CMS. (*Id.*, ¶ 21, PageID #4.) Further, Ms. Ford witnessed false medical and billing records for procedures that Village of Saint Edward never performed, as well as double-billing of services to both CMS and private insurance. (*Id.*, ¶¶ 22–23 & 28, PageID #4 & #5.)

2

Moreover, Village of Saint Edward overmedicated patients with unnecessary drugs to bill CMS for the prescriptions. (*Id.*, ¶ 29, PageID #5.) The complaint alleges that, after Ms. Ford inquired about the suspicious activity she observed, "her supervisors began reprimanding her and possibly making the preparations to terminate her." (*Id.*, ¶ 16, PageID #3.)

Finally, Ms. Ford alleges that she "routinely witnesse[d] supervisors . . . telling other VSE staff to steer patients" to Respondent Northeast Ohio Hospice after a doctor certified a patient for hospice, "regardless if the hospice certificate is legitimate or falsely made," and "even [if] the patient's family cho[oses] a different hospice care provider." (*Id.*, ¶¶ 24 & 26–27, PageID #5.) Ms. Ford's supervisor told her that Village of Saint Edward "receives kickbacks for every patient sent" to Northeast Ohio Hospice and "directed [Ms.] Ford to pressure families to refer patients to [Northeast Ohio Hospice]." (*Id.*, ¶¶ 24 & 27, PageID #5.)

## STATEMENT OF THE CASE

On April 22, 2024, Relator Kelly Ford filed this *qui tam* complaint against Respondents Northeast Ohio Hospice and the three "Village of Saint Edwards" locations (in Wadsworth, Fairlawn, and Green, Ohio). (ECF No. 1.) She raises claims under the False Claims Act, 31 U.S.C. § 3729, the Stark Law, 42 U.S.C. § 1395nn, and the Anti-Kickback Law, 42 U.S.C. § 1320a. (*Id.*, ¶¶ 30–47, PageID #5–7.) Additionally, she brings a claim against Village of Saint Edward only for employment retaliation under 31 U.S.C. § 3730h. (*Id.*, ¶¶ 48–51, PageID #8.)

3

After the United States elected not to intervene under the False Claims Act, 31 U.S.C. § 3730(b)(4)(B) (ECF No. 11), Relator moved for partial dismissal without prejudice of all claims except the claim under 31 U.S.C. § 3730h for employment retaliation against Village of Saint Edward. (ECF No. 18.) The United States consented (ECF No. 19), and the Court granted the motion (ECF No. 20).

On June 9, 2025, the Village of Saint Edward moved to dismiss for failure to state a claim. (ECF No. 22). The next day, Northeast Ohio Hospice moved under Rule 21 for the Court to drop it as a party without prejudice. (ECF No. 24.) Relator opposed the former but not the latter. In her opposition to the motion to dismiss, Relator requests leave to amend the complaint. (ECF No. 25, PageID #100.)

## ANALYSIS

First, the Court takes up Northeast Ohio Hospice's motion under Rule 21; then, Village of Saint Edward's motion to dismiss and request for leave to amend.

**I.  Rule 21 Motion**

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Northeast Ohio Hospice contends that the Court should drop it as a Respondent because Relator's sole remaining claim is against Village of Saint Edward only. (ECF No. 24.)

Because "dropping less than the entirety of an action . . . risks prejudice to the other parties," the remaining parties should receive an opportunity to respond before the Court rules on the Rule 21 motions. *United States ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018) (quoting *EQT Gathering, LLC v. A Tract fo Prop. Situated in Knott Cnty.*, No. 12-58-ART, 2012 WL 3644968, at *3 (E.D. Ky. Aug.

4

24, 2012)). Sufficient time to respond has now passed, and no party opposes the motion.

Dismissal of a party under Rule 21 is committed to the sound discretion of the district court. *Hiller v. HSBC Fin. Corp.*, 589 F. App'x 320, 321 (6th Cir. 2015) (per curiam) (citing *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003)). Based on the Court's review of the record, and the absence of an objection from any other party, the Court sees no reason not to dismiss Northeast Ohio Hospice at this stage of the proceedings. Accordingly, the Court **GRANTS** the motion and drops Northeast Ohio Hospice as a party from this litigation. Relator Kelly Ford and Respondent Northeast Ohio Hospice shall bear their own costs and attorneys' fees.

II.     Motion to Dismiss and Request for Leave to Amend

Village of Saint Edward moves to dismiss under Rule 12(b)(6) for failure to state a claim. (ECF No. 26.) Additionally, two entities in Green and Wadsworth, Ohio doing business as Village of Saint Edward argue that they are not the proper respondents in this action because they are separate corporate entities that did not have any employment or other contractual relationship with Relator.

On a motion under Rule 12(b)(6), a complaint must "state[] a claim for relief that is plausible, when measured against the elements" of a claim. *Darby v. Childvine, Inc.*, 964 F.3d 440, 444 (6th Cir. 2020) (citing *Binno v. American Bar Ass'n*, 826 F.3d 338, 345–46 (6th Cir. 2016)). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual

5

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). To survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" into the "realm of plausible liability." *Twombly*, 550 U.S. at 555, 557 n.5.

When analyzing a complaint under this standard, the Court construes factual allegations in the light most favorable to the plaintiff, accepts them as true, and draws all reasonable inferences in the plaintiff's favor. *Wilburn v. United States*, 616 F. App'x 848, 852 (6th Cir. 2015). But a pleading must offer more than mere "labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is a court required to accept "[c]onclusory allegations or legal conclusions masquerading as factual allegations[.]" *Eidson v. Tennessee Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

Therefore, the Court must distinguish between "well-pled factual allegations," which must be treated as true, and "naked assertions," which need not be. *See Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (cleaned up); *see also, e.g.*, *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 375 (6th Cir. 2011) (determining that because some of the plaintiff's factual allegations were "not well-pleaded[,]" "their conclusory nature 'disentitles them to the presumption of truth'"). Rule 8 "does not

6

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79.

On a motion under Rule 12(b)(6), the Court's inquiry is limited to the content of the complaint, although it may also consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to or made part of the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). To the extent either party asks the Court to consider information outside the pleadings, it declines to do so and takes no account of facts outside the complaint.

### II.A.  Village of Saint Edward in Green and Wadsworth

Respondent argues that Relator fails to allege that she was in any contractual relationship with the Village of Saint Edward locations in Green and Wadsworth, Ohio, as opposed to the Village of Saint Edward location in Fairlawn, Ohio. (ECF No. 22, PageID #80–81.) To support the argument that these are separate entities, Respondents attach to their reply State-issued certificates of continued existence for the non-profit entities in Fairlawn and Wadsworth (ECF No. 26-1; ECF No. 26-3) and the initial articles of incorporation for the non-profit entity in Green (ECF No. 26-2.) Because these documents are matters of public record, the Court may consider them on a motion to dismiss without converting it to one for summary judgment. *Amini*, 259 F.3d at 502. But Respondents included these documents for the first time in reply. Therefore, the Court does not consider them.

In any event, the complaint alleges that the Village of Saint Edward is one entity "with three locations." (*See* ECF No. 1, ¶¶ 8 & 10, PageID #3.) At this stage of the proceedings, the pleadings plausibly allege, for example, that the false claims

7

submitted arise from common practices at each location. And the documents Respondents offer, if considered, do not identify the entity for which Ms. Ford had an employment relationship.

Accordingly, in this procedural posture, the Court cannot dismiss the claims involving the Village of Saint Edward locations in Green and Wadsworth.

## II.B.  Retaliation Under the False Claims Act

The False Claims Act's anti-retaliation provision, 31 U.S.C. § 3730(h), provides relief for employees who were "discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms of conditions of employment because of lawful acts done" to stop violations of the Act. To succeed on a claim under Section 3730(h), Relator must show "that (1) she engaged in a protected activity, (2) the employer knew she engaged in the protected activity, and (3) the employer discharged or otherwise discriminated against the employee as a result of the protected activity." *Fakorede v. Mid-South Heart Ctr., P.C.*, 709 F. App'x 787, 789 (6th Cir. 2017) (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)).

Respondents challenge the third element, arguing that the complaint fails to state a claim under Section 3730(h) because it provides "no dates, times, bills, invoices, or any other specifics that could give rise to any inferences of retaliation." (ECF No. 22, PageID #80.)  As to the complaint's allegations of reprimands, complaints, and disciplinary action, Respondents contend that Relator "fails to provide any underlying specifics like which Respondent, the dates of her complaints,

8

who she complained to, and what Medicare regulations were violated." (*Id.*, PageID #81.)

In support of their argument, Respondents generally cite a single unpublished case: *United States ex rel. Adams v. Chattanooga-Hamilton County Hospital Authority*, No. 1:21-cv-84, 2024 WL 221758 (E.D. Tenn., Jan. 19, 2024). But this case addresses only the first and second elements, not the third. *Id.*, at *12–14. Therefore, it fails to provide authority for the proposition for which Respondents cite it. Respondents do not offer any other support for the proposition that Relator must plead details like dates and times to satisfy the third element. Nor is the Court aware of any authority imposing a heightened pleading standard for claims under Section 3730(h).

In reply, Respondents raise for the first time arguments regarding the other two elements, arguing that Relator did not engage in protected activity and that she did not put her employer on notice that she was contemplating a *qui tam* action. By raising these arguments for the first time in reply, Respondents waived them. *See Peters Broad. Eng'g, Inc. v. 24 Capital, LLC*, 40 F.4th 432, 443 (6th Cir. 2022); *Great Lakes Packers, Inc. v. P.K. Produce, Inc.*, 542 F. Supp. 3d 685, 702–03 (N.D. Ohio 2021); *In re Nat'l Prescription Opiate Litig.*, 458 F. Supp. 3d 665, 684 (N.D. Ohio 2020). Accordingly, "the Court need not and will not consider" these new arguments. *See Helicopters v. City of Columbus*, 879 F.Supp.2d 775, 779 (S.D. Ohio 2012).

\* \* \*

For the foregoing reasons, Respondents fail to show that the complaint does not state a plausible claim for relief, taking as true all of its factual allegations as the

9

Court must in this procedural posture. Accordingly, the Court **DENIES** Respondents' motion to dismiss.

### III. Amendment

Finally, Relator includes a perfunctory request for leave to amend the complaint at the end of her brief opposing the motion to dismiss. (ECF No. 25, PageID #100.) Rule 15 generally directs courts to give leave to amend freely. Fed. R. Civ. P. 15(a)(2). However, perfunctory amendment requests at the end of a brief are inadequate. *See Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011). "[A] request for leave to amend, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend." *Alexander v. Eagle Mfg. Co.*, 714 F. App'x 504, 511 (6th Cir. 2017) (cleaned up). And an amendment request in a brief opposing a Rule 12 motion does not constitute a proper motion. *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000). Accordingly, Relator's request is procedurally improper, and the Court does not consider it.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Northeast Ohio Hospice's motion under Rule 21 to drop it as a party without prejudice (ECF No. 24) and **DENIES** the Village of Saint Edward's motion to dismiss (ECF No. 22).

**SO ORDERED.**

Dated: July 31, 2025

                                        J. Philip Calabrese
                                        United States District Judge
                                        Northern District of Ohio